# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:23-cr-00201-CB-1 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| TRISTIN BRADLEY AXTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The Court agrees with the government that Defendant, who is serving concurrent sentences at 23-201 and 16-226 (23-201, Doc. 27; 16-226, Doc. 94), is ineligible for relief under Amendment 821 and 18 U.S.C. Section 3582(c)(2).

First, the Court notes that Defendant agreed not to file for relief under Section 3582(c)(2) in the plea agreement he signed on October 19, 2023, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (23-201, Doc. 11). He cannot now seek this relief.

Even if he could, as the government points out in its Response (23-201, Doc. 35) to Defendant's Motion (23-201, Doc. 32; 16-226, Doc. 96), Defendant already received the benefit of Amendment 821 when he was sentenced at 23-201 on February 20, 2024. The Court on that date applied the amended 2023 Guidelines—including the amended Sections 4A1.1(d) and (e)— and added no enhancement to Defendant's criminal history score. His sentence is therefore ineligible for reduction on this ground.

Moreover, Defendant's concurrent sentence for his supervised release violation at 16-226 is likewise unaffected by Amendment 821. Although the criminal history category of the underlying offense reflected a 2-point enhancement under Section 4A1.1(d) of the Guidelines, this Court has joined others in concluding that Amendment 821 and Section 3582(c)(2) do not

authorize reduction of a sentence imposed upon revocation of supervised release. See USSG § 1B1.10, comment. (n.8(A)) ("This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release."); see, e.g., United States v. Nelson, No. 24-1290, 2024 U.S. App. LEXIS 17733, at *6–*7 (6th Cir. July 18, 2024) (noting that the criminal history score is not to be recalculated under Amendment 821 for supervised release purposes even if it was incorrectly computed at the original sentencing (citing USSG § 7B1.4 & comment. (n.1))); United States v. Javis, No. 1:22-CR-62, 2025 WL 1732844, at *2 (N.D. Ohio June 23, 2025) (citing additional recent cases).

Even were the Court to conclude otherwise, and as a wholly independent ground for denying Defendant's Motion, the Court finds that a sentence reduction is inappropriate under the Section 3553 factors regarding the nature and circumstances of Defendant's offenses, his history and characteristics, the need for adequate deterrence, and the need to protect the public. Nothing in Defendant's Motion has altered the Court's assessment that a sentence of 36 months incarceration and 3 years supervised release at 23-201, concurrent with 24 months incarceration at 16-226, remains one that is sufficient, but not greater than is necessary, to serve the relevant factors in Section 3553 and address the breach of trust involved in his supervised release violation. A reduced sentence would be insufficient.

For these reasons, Defendant's Motion (**23-201, Doc. 32; 16-226, Doc. 96**) will be **DENIED**. An order will be filed herewith.[1]

---

[1] The Court will file form-order AO 247, titled, "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)." The document is used to facilitate the Sentencing Commission's collection and reporting of data regarding motions filed pursuant to Amendment 821. The second page of the two-page form order is not intended for public disclosure. Accordingly, the Court will transmit to Defendant this Memorandum Opinion and page 1 of form Order AO 247, but not page 2. Importantly, the information supplied on page

October 29, 2025                                    s\ Cathy Bissoon__

                                                         Cathy Bissoon

                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Tristin Axton
38171068
FCI Allenwood Medium
PO Box 2000
White Deer, PA 17887

---

2—a statement of reasons for the Court's decision—are identical to the contents of this Memorandum Opinion.  No information has been withheld.